IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCARLETT LOPEZ,

       Plaintiff,

                                  Case No.: 8:23-cv-02548-KKM-LSG

v.

CITY OF TAMPA,

       Defendant.

_____/

## DECLARATION OF SABINE LUNDGREN

1.     My name is Sabine Lundgren. I am over the age of 18 years old, and I verify under 28 U.S.C § 1746 that the facts set forth in this Declaration are true and correct and are made under the penalty of perjury.

2.     I am employed by The City of Tampa ("the City") as an analyst for the Mobility Department in the Application Systems Department. I have worked in this capacity since 03/30/2003

3.     In 2022, I was asked by Michael Capotrio, Mobility Support Supervisor, to serve on the hiring panel for a Utility Administrative Support Technician position, job number 220503-002000-001, which I agreed.

4.     The hiring panel consisted of three panelists - Michael Capotrio, Joan Greco, Stormwater Services Assessment Supervisor, and myself.

5.      Prior to conducting any interviews, Capotrio sent out questionnaires to each candidate who applied for the position. Capotrio wanted to narrow the list of candidates since the City received a large number of applications for the position. I did not play any role in coming up with those questions, reviewing the applicant's responses, or selecting which candidates would be interviewed for the position.

6.      Rather, my involvement in the hiring process began once the interviews were scheduled for the 11 potential candidates. The interviews were scheduled for July 13, 2022 and July 14, 2022.

7.      During the interviews, the panel asked each applicant the same list of questions.

8.      Based on the applicant's application and responses to the interview questions, each panelist individually scored each of the applicants. I did not review any other documents when formulating my scores for the applicants.

9.      I recorded all my scores and provided them to Michael Capotrio. Attached as Exhibit 1 is a document that Michael Capotrio compiled with each of the panelist's scores. The scores on Exhibit 1 accurately reflects the scores that I provided for each candidate.

10.     At the time I was preparing my scores, I did not have any conversations with any City employee about which candidate I should select or

2

not select. Nor did the interview panel ever discuss scoring a particular candidate more favorably or less favorably than another. Rather, I sought to make the interview process as fair as possible for each of the candidates that were interviewed.

11.     Following the interviews, I scored Joeylee Stebbins as highest candidate, with a total score of 140. Ms. Stebbins performed very well during her interview and thoroughly answered each of the questions. I also was impressed with her prior work experience.

12.     After I presented my scores, I learned that the other panelists also scored Ms. Stebbins as the highest ranking candidate, which ultimately led to her being offered the position.

13.     With regards to Scarlet Lopez, I did not personally know her before the interview. Therefore, I did not know that she suffered from a back injury or had a miscarriage earlier that year. I also did not know that she received an unfavorable performance evaluation and had filed a grievance against Jean Duncan. Rather, I scored Scarlett Lopez based on her application and the responses that she gave during her interview.

14.     During the interview, I do remember that Scarlett Lopez was nervous and not very energetic about the position. She also had trouble

3

answering some of the questions from the panel. Consequently, I gave her a total score of 70, which ranked her 9 out of 11.

15.    The facts in this declaration are based on my personal knowledge and I would be able to testify about them. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 13th day of January 2025


Sabine Lundgren