IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCARLETT LOPEZ,

    Plaintiff,

v.

    Case No.: 8:23-cv-02548-KKM-LSG

CITY OF TAMPA,

    Defendant.
_____/

## DECLARATION OF MIKE SWAIN

1. My name is Mike Swain. I am over the age of 18 years old, and I verify under 28 U.S.C § 1746 that the facts set forth in this Declaration are true and correct and are made under the penalty of perjury.

2. I am employed by the City of Tampa ("the City") as the Employment Services Division Manager. I have worked for the City in this role for approximately the last ten years.

3. The Employment Services Division is a division of Human Resources that performs the personnel hiring and testing function and maintains the City's comprehensive classification plan covering approximately 600 classes of work. This division also monitors the performance evaluation process, coordinates the administration of valid medical standards, and conducts job analysis research for developing valid selection procedures.

1

4. As the manager of the Employment Services Division, I am familiar with and have personal knowledge of the City's personnel classifications and the Civil Service Rules.

5. Other departments use my department to discuss personnel-related changes, hiring, requisitions, and general questions about their employees. It is common for my department to field questions on these topics.

6. Attached as Exhibit A is a true and correct copy of the Civil Service Rules.

7. In September 2021, before the budget cycle began on October 1, 2021, Jean Duncan ("Duncan") called me to inquire about moving her Senior Executive Aide, Scarlett Lopez ("Lopez"), to another position.

8. Per Civil Service Rules, the Senior Executive Aide position that Lopez held is an unclassified position, which designates the position "at will," and she serves at the pleasure of her Administrator. See Exhibit A, Section 12(A)(2), "The unclassified services shall comprise [a]ll managerial positions reporting directly to the Mayor, all heads of departments and positions reporting directly to them…"). The City has always classified Senior Executive Aides in this capacity.

9. During our call, Duncan expressed dissatisfaction with Lopez and believed that she would be better suited in a different position. Duncan then inquired whether she could hire a new aide.

10. I informed her that she could not hire another aide since Lopez was currently serving in that role. I also explained that she could not simply just move Lopez into a different position. Rather, she must adhere to the Civil Service Rules. That is, if Duncan wanted to move Lopez from an unclassified position to a classified position, then she would need to post the position, have Lopez apply for the position, and then have her compete for the position with all other eligible applicants. Simply put, I informed Duncan that she could not just place Lopez in another position unless it was an unclassified position. Ducan informed me that she understood and that she would explore her options.

11. I should note that unclassified employees are not awarded the same employment protections as classified positions. For example, unclassified employees are not entitled to progressive discipline, nor do they have the right to reinstatement to a comparable position after their removal.

12. In November, Duncan reached back out to me about Lopez. This time, she specifically asked whether the Department could reclassify a vacant Customer Service Clerk I position within the Parking Division to an Administrative Support Technician within the Transportation Engineering

3

Division. She stated that the Transportation Engineering Division needed some additional support and believed this may be a good opportunity for Lopez.

13. Again, I explained that she could not simply move Lopez to another classified position. Rather, the City would need to officially reclassify the Administrative Support Technician, which was a classified position. Lopez would then need to apply and compete for that position. In the meantime, Duncan could move Lopez to a temporary position in accordance with Civil Service Rules, which would then create a vacancy and allow her to find a replacement for her Senior Executive Aide position. Duncan stated that she understood and indicated her interest of pursuing this plan.

14. In December 2021, I was advised that Duncan planned to move forward with the reclassification of the Administrative Support Technician position and that she was going to give Lopez the opportunity to apply for that position in lieu of termination.

15. In or about January 2022, I learned that Duncan transferred Lopez to a temporary assignment, which the City then needed to approve to officially create a temporary position.

16. On March 6, 2022, HR approved the temporary position for Lopez, which allowed Lopez to retain her same title with no impact to her pay. Attached

4

as Exhibit B is a true and correct copy of email correspondence with HR dated March 8, 2022.

17. Pursuant to Civil Service Rules, temporary positions may be active for a period of 90 days and then may be renewed as needed thereafter depending on the circumstances for the position.

18. After Lopez was officially transferred to a temporary position, Duncan was then permitted to move forward with finding someone to serve as her Senior Executive Aide.

19. It is my understanding that Sheila DelCastillo was eventually selected as Duncan's Senior Executive Aide.

20. The facts in this declaration are based on my personal knowledge and I would be able to testify about them. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 15th day of January 2025

_____
Mike Swain